# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

Rickey Weaver
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30457

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
JUL 30 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

7/30/2013
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## 13-30457   USA V RICKEY WEAVER

This is a presumption case.

Defendant is charged by way of federal criminal complaint with Felon in Possession of a Firearm, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Possess with Intent to Distribute Heroin/Cocaine.

Defendant claims to be employed by his brother in law's security company on a part time basis. He also claims to do part time landscaping work. His only financial asset is a 1989 GMC truck worth approximately $1000.

Defendant admits to smoking marijuana regularly and last used the night before his arrest. He denied all other drug use, but then just before being tested said that he "occasionally" uses heroin and crack. His drug test was returned positive for marijuana.

The Pretrial Services Report outlines two pages of criminal activity spanning four decades. From 1984 - 2013 Defendant has multiple convictions for felony weapons, drug offenses, and felony MDP.

With regard to the instant charges, between June 4, 2013 and June 10, 2013 Defendant sold drugs to a Confidential Informant several times. Subsequently on June 11, 2013 a search warrant was executed at Defendant's residence on Milo Street in Detroit which uncovered a .38 caliber revolver (stolen), five .38 live rounds, 9.3 gross grams of crack cocaine, packaging material and a glass with cocaine residue. Weaver had just previously been detained on a traffic stop and was told about the search warrant being executed and specifically denied the presence of any of the above items in the house.

After the search warrant was executed, Defendant admitted to owning the gun and selling drugs out of the house for the past two years. The instant charges are serious, as they involve violence and narcotics and selling drugs while armed.

Defendant was recently convicted in Wayne County 3rd Circuit Court of Possession of Controlled Substances (Cocaine, Heroin or another narcotic), and Possession of Marijuana and is currently on bond and awaiting sentencing on August 9, 2013. <u>The instant offense allegedly took place while the Defendant was on bond, and this is of great concern to this Court.</u>

Because Defendant appears to be engaging in criminal activity involving guns and drugs while under supervision, and is awaiting sentencing in no less than 10 days for crimes that resemble the crimes alleged in the instant charging document, this Court has no confidence whatsoever that Defendant would follow its orders or comply with any conditions of bond that this Court might set.

Defendant, by clear and convincing evidence, poses a danger to society. The presumption of detention has not been rebutted. There is no condition or combination of conditions that would assure the safety of the community, or, in light of Defendant's upcoming sentencing in Wayne County 3rd Circuit Court, Defendant's appearance in this Court. Therefore Detention is Ordered.